(November 22, 1919.)

TRAIN LUMBER & COAL COMPANY, a Corporation, Respondent, v. FRANK O. JONDAHL and DANIEL JONDAHL, Appellants.

[185 Pac. 724.]

APPEAL AND ERROR—DISMISSAL OF APPEAL—TIME OF TAKING APPEAL—GROUNDS OF MOTION TO DISMISS.

1. An appeal from the probate court to the district court is perfected in time where it appears that notice of appeal, and undertaking thereon, were filed within thirty days after entry of the judgment.

2. A motion to dismiss an appeal for irregularities in taking the same should specify the particular irregularities relied upon.

3. An objection on appeal that an undertaking is insufficient and does not comply with the statute will not be considered as ground for dismissing the appeal, where no material defects are apparent on the face of the undertaking, unless the motion points out wherein the undertaking is insufficient.

4. An exception to the sufficiency of the sureties on an undertaking on appeal must be filed in the action in order to be entitled to consideration.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action for debt. Appeal from the judgment of the district court dismissing appeal from the probate court. *Reversed.*

Wilkie & Wilkie, for Appellants, cite no authorities on points decided.

B. H. Miller, Geo. H. Lowe and Alfred A. Fraser, for Respondent.

Brief not considered for reasons stated in opinion.

RICE, J.—This is an appeal from a judgment of the district court in and for Fremont county, dismissing an appeal to the district court from a judgment entered in the probate court on April 26, 1916.

The grounds of the motion to dismiss the appeal to the district court were (1) that the appeal from the probate court was not perfected within the time allowed by law; (2) that the appeal and proceedings in procuring the same were irregular and imperfect; and (3) that the undertaking filed in said action was not such an undertaking as is required to be given in such cases.

An examination of the transcript shows that notice and undertaking on appeal were filed within thirty days after entry of the judgment, and were therefore filed in time.

As the motion failed to specify wherein the appeal and proceedings in procuring the same were irregular or imperfect, that ground will not be considered.

The objection to the undertaking is that it "is insufficient and is not such an undertaking as is required to be given by section 4842 of the Rev. Codes of Idaho [C. S., sec. 7151]." It is not pointed out wherein the undertaking is insufficient or fails to comply with the statute. No material defect is apparent on the face of the undertaking.

Some question seems to have been raised in the district court with reference to the failure of the sureties on the undertaking to justify. The record, however, fails to disclose that any exception to the sufficiency of the sureties was filed in either the probate court or the district court. Such exceptions must be filed to be entitled to consideration.

Respondent filed a brief in this case, signed by an attorney who had not theretofore appeared, long subsequent to the time provided by rule 45 of this court for the filing of a brief by respondent. There is no showing that the brief was ever served upon appellants, or their attorneys of record. There is no stipulation consenting to the filing of this brief, and no order by the court, or any of the justices, granting permission to file the same. The brief will not be considered.

The judgment of the district court is reversed and the cause remanded, with instructions to overrule the motion to dismiss the appeal. Costs awarded to appellants.

Morgan, C. J., and Budge, J., concur.